UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BERNSTEIN, <br> Plaintiff, <br> v. <br> BMW OF NORTH AMERICA, LLC, <br> Defendant. | Case No.18-cv-01801-JSC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** <br> Re: Dkt. No. 11 |

Plaintiff Karen Bernstein brought this action in the Contra Costa County Superior Court alleging violations of the Song Beverly Warranty Act with respect to a vehicle manufactured and sold by Defendant BMW of North American. Ten days after she filed her complaint, Defendant removed the action to this court based on diversity jurisdiction. Plaintiff's motion to remand is now pending before the Court. (Dkt. No. 11.) After considering the moving papers, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and VACATES the May 17, 2018 hearing.[1] The face of the Complaint establishes that the jurisdictional amount in controversy is satisfied and thus Defendant properly removed on the basis of diversity jurisdiction.

**BACKGROUND**

Plaintiff purchased a new 2013 BMW on October 28, 2012 for a total consideration over the term of an installment contract of $49,788.59. (Dkt. No. 1 at 11, ¶ 6.[2]) Plaintiff alleges that

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9 & 14.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 since she purchased the vehicle she had to take the vehicle in for service on at least 10 separate occasions. (*Id*. at ¶ 10.)

Plaintiff thus brought suit in the Contra Costa County Superior Court alleging two claims for relief: (1) breach of the implied warranty of merchantability under the Song-Beverly Warranty Act, and (2) breach of the express warrant under the Song-Beverly Warranty Act. (*Id*.) As relief, Plaintiff seeks: (1) replacement or restitution; (2) incidental and consequential damages; (3) a civil penalty in an amount not to exceed two times Plaintiff's actual damages; (4) attorney's fees and costs; (5) the difference in the value as accepted and the value of the vehicle if it had performed as warranties; (6) prejudgment interest; and (7) other relief as the court deems just and appropriate. (Dkt. No. 1 at 17.)

Defendant removed the action to this court alleging diversity jurisdiction and Plaintiff filed the now pending motion to remand to the Contra Costa County Superior Court. (Dkt. Nos. 1 & 11.) Plaintiff insists that diversity jurisdiction fails because Defendant has failed to show by a preponderance of the evidence that the amount in controversy is greater than $75,000.

**DISCUSSION**

A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

In federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant here removed on the grounds of diversity jurisdiction. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331.

2

Here, there is no dispute that the diversity of citizenship requirement is met. The only question is whether the amount in controversy threshold is met. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, the case should be remanded to state court. *Matheson*, 319 F.3d at 1090 (footnote omitted).

Here, the jurisdictional amount in controversy is facially evident from the complaint. Paragraph 14 of the Complaint alleges:

> The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS. ($25,000.00), *exclusive* of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. *In addition*, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

(Dkt. No. 1 at 12, ¶ 14 (emphasis added).) Thus, in addition to the $25,000 at issue, Plaintiff seeks (among other things) incidental, consequential, exemplary, and actual damages, *plus* attorneys' fees and costs. Exemplary damages would include the civil penalties Plaintiff seeks which she values at "two times the amount of Plaintiff's actual damages." (*Id*. at 17.) Two times Plaintiff's $25,000 valuation is $50,000 which totals $75,000 exclusive of attorney's fees. Thus, that the amount in controversy exceeds $75,000 is evident from the face of the complaint. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-403 (9th Cir. 1996). Because it does not appear "to a 'legal certainty' that the plaintiff cannot actually recover that the amount sought here, the amount in

controversy requirement is satisfied.[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand is DENIED.

The Initial Case Management Conference is scheduled for June 21, 2018 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California. The parties shall file a Joint Case Management Conference Statement by June 14, 2018.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: May 15, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[3] To the contrary, the Ninth Circuit's recent decision in *Chavez v. JPMorgan Chase & Co.*, No. 16-55957, 888 F.3d 413, 2018 WL 1882908, at *4 (9th Cir. Apr. 20, 2018), holding that "the amount in controversy is what is at stake in the litigation at the time of removal" suggests that the attorneys fees in the context of the amount in controversy requirement should be calculated based on the *total* possible recovery and not just the fees incurred to date—resolving a previously unresolved question. *See Soriano v. LendingTree, LLC*, No. 17-CV-07078-MMC, 2018 WL 1788456, at *2 (N.D. Cal. Apr. 16, 2018) (collecting case and noting that "neither the Supreme Court nor the Ninth Circuit has expressly held that the amount of attorney's fees properly considered for purposes of determining the amount in controversy is the amount the plaintiff is reasonably anticipated to recover in the event the plaintiff prevails"). Given this and the purchase price of car at issue ($49,788.59), it is not plausible—let alone legally certain—that the amount in controversy requirement does not exceed $75,000.

4