UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BERNSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　Defendant. | Case No.18-cv-01801-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 54 |

Karen Bernstein alleges violations of the Song Beverly Warranty Act with respect to a vehicle manufactured and sold by Defendant BMW of North America. During the course of discovery the Court ordered Defendant to make percipient witness Nancy McDonald available for deposition. Over a month after the close of discovery, Plaintiff filed the now pending motion for sanctions based on Defendant's failure to produce Ms. McDonald for deposition. (Dkt. No. 54.) After considering the parties' briefs, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the July 18, 2019 hearing, and GRANTS IN PART and DENIES IN PART Plaintiff's motion for sanctions.

**BACKGROUND**

On March 25, 2019, the Court ordered Defendant to produce percipient witness Nancy McDonald, who resides in New Jersey, for deposition. (Dkt. No. 51.[1]) Although Plaintiff had previously offered to depose her via video to reduce expense, Defendant declined. (*Id.*) Following the Court's March 25 Order, Plaintiff issued a deposition notice for Ms. McDonald for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

a deposition on Monday, April 29 at 10:00 am at US Legal Support at 206 East 161st Street, Bronx, NY. (Dkt. N. 54-3.) On April 24—the Thursday before Ms. McDonald's Monday deposition—Defense counsel, Mr. Curtis, emailed Plaintiff's counsel, Mr. Barry, stating that Ms. McDonald would be produced at a court reporter's office in New Jersey at 25 East Spring Valley Avenue, Suite 320, Maywood, N.J., rather than the location in the deposition notice.[2] (Dkt. No. 59-1 at 6.) Mr. Barry responded by stating that the deposition would go forward in the Bronx as previously noticed. (Dkt. No. 59-1 at 8.) The following day, Mr. Barry was contacted by a Philip Semprevivo who indicated that he represented Defendant BMW and who again stated that Ms. McDonald would be produced in New Jersey at the previously specified location.[3] (Dtk. No. 59-3 at 6.) Mr. Semprevivo also attests that he called and sent additional emails to Mr. Barry although these emails are not attached to his declaration. (Dkt. No. 59-3 at ¶¶ 4-7.) In any event, there is no dispute that Mr. Barry did not respond to Mr. Semprevivo's emails or calls. On April 29 at 10:00 am, Mr. Barry appeared at the court reporter's office in the Bronx and Ms. Chou (an attorney with Mr. Semprevivo's office) appeared at the court reporter's office in New Jersey with Ms. McDonald. (Dkt. No. 54-3; Dkt. No. 59-2.) Five weeks later, Plaintiff filed the now pending motion for sanctions.

## DISCUSSION

Federal Rule of Civil Procedure 37(b) authorizes sanctions against a party for failing to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A), (C). The district court has wide latitude in exercising its discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court."). However, the district court's

---

[2] Mr. Barry's letter is dated June 21, 2019, but the email to which it was attached is dated April 25, 2019. Because Plaintiff's counsel does not dispute that he received the letter on April 25, the Court assumes that the June 21 date is a typographical error.

[3] While Mr. Curtis's declaration attests that his April 24 email "put [Mr. Barry] in contact with Mr. Semprevivo," Mr. Curtis did not state in his email that Mr. Semprevivo would be handling the matter for Defendant and instead simply cc'd a philip.semprevivo@lawbhs.com on the email to Mr. Barry. (*Compare* Dkt. No. 59-1 at ¶ 6 *with* Dkt. No. 59-1 at 6.)

2

1    discretion to issue sanctions is subject to the following limitations: (1) the sanction must be just
2    and (2) the sanction must specifically relate to the particular claim at issue in the discovery order.
3    *See Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). Further, where a party seeks payment
4    of expenses for failure to comply with a court order, "the court must order the disobedient party,
5    the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,
6    caused by the failure, unless the failure was substantially justified or other circumstances make an
7    award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).
8          Here, Plaintiff seeks evidentiary sanctions as well as monetary sanctions under Rule
9    37(b)(2) based on Defendant's failure to produce Ms. McDonald in response to the deposition
10   notice and this Court's Order. The Court is troubled by the lack of professionalism apparent in
11   both counsels' conduct in this matter. Plaintiff's counsel refused to acknowledge or communicate
12   with Defendant's east coast counsel. Defendant's counsel refused to acknowledge that Plaintiff as
13   the deposing party—and not Defendant—was entitled to select the place of the deposition. *See*
14   *Cadent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 628 (C.D. Cal. 2005) (noting that generally, a
15   party may notice deposition of another party to take place wherever it chooses). Defendant's
16   insistence that the Court ordered the deposition to occur in New Jersey is wrong—the Court
17   ordered Defendant to make her available for deposition, but did not order anything regarding the
18   location of the deposition. (Dkt. No. 51.) If Defendant objected to the place of the deposition, it
19   was not entitled to unilaterally change the location, and instead, was required to move for a
20   protective order to prevent the deposition. *See* Fed. R. Civ. P. 37(d)(2) ("A failure [to appear for a
21   deposition] is not excused on the ground that the discovery sought was objectionable, unless the
22   party failing to act has a pending motion for a protective order under Rule 26(c)."); *see id*.
23   advisory committee's note (1970) ("If [a party] desires not to appear or not to respond, he must
24   apply for a protective order."). Given Defendant's failure to move for a protective order, its
25   failure to produce Ms. McDonald for deposition was not substantially justified. The Court thus
26   ORDERS Defendant to pay Plaintiff's reasonable expenses.
27         However, the Court in its discretion declines to impose any of the evidentiary sanctions
28   sought by Plaintiff. If Ms. McDonald's testimony was as critical as Plaintiff now insists, Plaintiff

3

should have moved to compel her deposition within the time allowed to do so by the Local Rules rather than wait until a month after the close of fact discovery and seek evidentiary sanctions instead; the delay suggests an attempt to obtain a procedural advantage rather than necessary discovery.

## CONCLUSION

Plaintiff's motion for sanctions is GRANTED IN PART and DENIED IN PART. (Dkt. No. 54.) Lewis Brisbois Bisaard & Smith LLP shall pay Plaintiff's reasonable attorney's fees and costs of $3,800.[4] These sanctions must be paid within 30 days, by August 16, 2019. The motion for sanctions is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: July 16, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] This amount is $475 less than that sought by Plaintiff as the Court vacates the hearing and Plaintiff's counsel will thus incur no additional expenses for preparing for or attending the hearing.

4