UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN BERNSTEIN,

Plaintiff,

v.

BMW OF NORTH AMERICA, LLC,

Defendant.

Case No.18-cv-01801-JSC

**ORDER RE: PROPOSED FINAL JURY INSTRUCTIONS**

The Court has reviewed the parties' proposed jury instructions and has prepared the attached proposed final jury instructions regarding the legal claims and defenses under the Song-Beverly Act, Cal. Civ. Code § 1790 et seq. In addition, the Court has several questions regarding the parties' claims and defenses. The parties shall each file a written response to this Order and the proposed final jury instructions by noon on Friday, September 13, 2019. The response shall include citations to legal authority.

1. Do the damages for a breach of implied warranty claim differ from the damages for a breach of express warranty claim? If so, how are the implied warranty damages calculated? *See Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 25 (2007).

2. Is Defendant advancing a statute of limitations affirmative defense? If so, explain how the defense applies as a factual matter and whether the defense applies to both the express and implied warranty claims?

3. Does Plaintiff contend that the vehicle had a defect at the time of sale?

4. When did Plaintiff discover the defect?

5. Is there a factual dispute regarding the number of miles the vehicle was driven before it

was first presented to Defendant's authorized repair facility for a repair?

**IT IS SO ORDERED.**

Dated: September 11, 2019

_Jacqueline S. Corley_

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# CLAIMS AND DEFENSES

To help you follow these instructions, I will give you a brief summary of the parties' positions.

Karen Bernstein asserts that BMW breached the express and implied warranties provided with her 2013 BMW 328i. Karen Bernstein has the burden of proving these claims by a preponderance of the evidence.

BMW denies those claims. BMW also claims that Karen Bernstein's lawsuit was not filed within the time limits set by law. BMW has the burden of proving this defense by a preponderance of the evidence.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FAILURE TO PROMPTLY REPURCHASE OR REPLACE NEW**

**MOTOR VEHICLE AFTER REASONABLE NUMBER OF REPAIR**

**OPPORTUNITIES – ESSENTIAL FACTUAL ELEMENTS**

Karen Bernstein claims that BMW failed to promptly repurchase or replace her 2013 BMW 328i after a reasonable number of repair opportunities. To establish this claim, Karen Bernstein must prove all of the following:

1. That she purchased a 2013 BMW 328i manufactured and/or distributed by BMW;

2. That BMW gave Karen Bernstein a written warranty that BMW would maintain the utility of the subject vehicle for 4 years and 50,000 miles;

3. That the vehicle had a defect that was covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Karen Bernstein's situation;

4. That Karen Bernstein delivered the vehicle to BMW or its authorized repair facility for repair of the defect;

5. That BMW or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That BMW did not promptly replace or buy back the vehicle.

It is not necessary for Karen Bernstein to prove the cause of a defect in the 2013 BMW 328i.

## "REPAIR OPPORTUNITIES" EXPLAINED

Each time the 2013 BMW 328i was given to BMW or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether BMW had a reasonable number of opportunities to fix the 2013 BMW 328i, you should consider all the circumstances surrounding each repair visit. BMW or its authorized repair facility must have been given at least two opportunities to fix the 2013 BMW 328i unless only one repair attempt was possible because the 2013 BMW 328i was later destroyed or because BMW or its authorized repair facility refused to attempt the repair.

**"SUBSTANTIALLY IMPAIRED" EXPLAINED**

In deciding whether a reasonable person would believe that the vehicle's defects, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

       (a) The nature of the defect;

       (b) The cost and length of time required for repair;

       (c) Whether past repair attempts have been successful;

       (d) The degree to which the vehicle could be used while awaiting repair; and

       (e) The availability and cost of comparable transportation during the repairs.

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY –**

**ESSENTIAL FACTUAL ELEMENTS**

Karen Bernstein claims that the 2013 BMW 328i did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty." To establish this claim, Karen Bernstein must prove all of the following:

1. That Karen Bernstein purchased a 2013 BMW 328i manufactured and distributed by BMW;

2. That at the time of Karen Bernstein's purchase BMW was in the business of manufacturing and distributing 2013 BMW 328i for sale to retail buyers;

3. That the 2013 BMW 328i had a defect at the time of sale which rendered it not of the same quality as those generally acceptable in the trade, and unfit for the ordinary purposes for which it is used;

4. That Karen Bernstein was harmed; and

5. That BMW's breach of the implied warranty was a substantial factor in causing Karen Bernstein's harm.

1

**AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS**

2       BMW contends that Karen Bernstein's lawsuit was not filed within the time set by law. To

3 succeed on this defense, BMW must prove that any breach of the express or implied warranties of

4 merchantability was discovered or should have been discovered before February 18, 2014.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONTINUED REASONABLE USE PERMITTED

That Karen Bernstein continued to use the new motor vehicle after delivering it for repair

does not waive her right to demand replacement or reimbursement. Nor does it reduce the amount

of damages that you should award to Karen Bernstein if you find that she has proved her claim

against BMW.

**RESTITUTION FROM MANUFACTURER -- NEW MOTOR VEHICLE**

If you decide that BMW or its authorized repair facility failed to repair the defect after a reasonable number of opportunities, then Karen Bernstein is entitled to recover the amounts she proves she paid for the car, including:

1. The amount paid to date for the vehicle, including finance charges and any amount still owed by Karen Bernstein;

2. Charges for transportation and manufacturer-installed options; and

3. Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than BMW.

Karen Bernstein's recovery must be reduced by the value of the use of the vehicle before it was brought in for repair. BMW must prove how many miles the vehicle was driven between the time when Karen Bernstein took possession of the vehicle and the time when she first delivered it to BMW or its authorized repair facility to fix the defect.

Using this mileage number, the Court will reduce Karen Bernstein's recovery based on a formula.

# INCIDENTAL DAMAGES

Karen Bernstein also claims additional reasonable expenses for incidental damages according to proof at trial.

To recover these expenses, Karen Bernstein must prove all of the following:

1. That the expense was actually charged;

2. That the expense was reasonable; and

3. That BMW's breach of warranty was a substantial factor in causing the expense.

**CIVIL PENALTY --WILLFUL VIOLATION**

Karen Bernstein claims that BMW's failure to repurchase the 2013 BMW 328i was willful and therefore asks that you impose a civil penalty against it. A civil penalty is an award of money in addition to a plaintiff's damages.

The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If Karen Bernstein has proved that BMW's failure was willful, you may impose a civil penalty against it. The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Karen Bernstein's actual damages.

"Willful" means that BMW knew of its legal obligations and intentionally declined to follow them. However, a violation is not willful if you find that BMW reasonably and in good faith believed the facts imposing an obligation to replace or refund were not present in this case.